# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOHN STAFFORD, et al.,

          Plaintiffs,           :        Case No. 3:12-cv-050

                                       District Judge Thomas M. Rose
     -vs-                         Magistrate Judge Michael R. Merz

                           :

JEWELERS MUTUAL INSURANCE
 COMPANY,

          Defendant.            :

---

## DECISION AND ORDER

---

This case is before the Court on Defendant's Motion to Bifurcate Bad Faith and Punitive Damages Claims (Doc. No. 8) which Plaintiff opposes (Doc. No. 9) and as to which Defendant has filed a Reply in support (Doc. No. 10). This is a non-dispositive pretrial motion within the decisional authority of a Magistrate Judge.

Defendant seeks not only to bifurcate the trial of the bad faith and punitive damages claims from the declaratory judgment and contract claims, but also to stay discovery on the bad faith and contract claims until after the other claims have been decided. It is premature to decide whether to bifurcate the trial until after the case has beenmore fully developed. That branch of the Motion is denied without prejudice to its renewal not later than two weeks prior to the final pretrial conference.

1

In seeking to stay discovery on the bad faith and punitive damages claims, Jewelers Mutual asserts that materials in its claims file "which arguably may be relevant evidence in a bad faith claim is [sic] irrelevant, privileged and inadmissible for purposes of the declaratory judgment claim or the contract claims."  (Motion, Doc. No. 8, PageID 260).   Defendant then notes that under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), state substantive law will govern this diversity case, but federal procedural law will be applied.   See *Sibbach v. Wilson*, 312 U.S. 1, 14 (1940).  Jewelers Mutual then proceeds to cite state law which it asserts is illustrative, including *Garg v. State Automobile Mutual Ins. Co.,* 155 Ohio App.3d 258 (Ohio App. 2nd Dist. 2003)(Wolff, J.); *Boone v. Vanliner Ins. Co.,* 91 Ohio St.3d 209 (2001); *Dutch Maid Logistics, Inc. v. Acuity,* 2009 Ohio 1783 (Ohio App. 8th Dist. 2009);   and *Savage v. American Family Insurance Co.,* 178 Ohio App.3d 154 (10th Dist. 2008).   See also additional Ohio cases cited at n. 1, PageID 263-264.

While the Court has discretion to stay discovery as Defendant seeks, that would be contrary to precedent.   In *Steinberger v. State Farm Automobile Ins.,* 2010 WL 3603791 (S.d. Ohio 2010), *aff'd*, Oct. 27, 2010 (unreported)(Black, J.), this Court denied a similar motion, citing *General Elec. Credit Union v. Natl. Fire Ins*., 2009 WL 3210348 (S.D. Ohio 2009)(Black, M.J.); *Prof. Direct Ins. Co. v. Wiles, Boyle, Burkholder & Bringard*, 2008 WL 4758679 (S.D. Ohio 2008)(Smith, J.); *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.,* 2008 WL 4823069 (S.D. Ohio 2008)(Smith, J.); *Wolkosky v. 21st Century Cent. Ins. Co.,* 2010 WL 2788676 (S.D. Ohio 2010)(Frost, J.); and *Woods v. State Farm Fire & Cas. Co*., 2010 WL 1032018 (S.D. Ohio 2010)(Kemp, Ch. M.J.).   Jewelers Mutual does not cite any of this precedent, much less attempt to distinguish it.   If *stare decisis* is to have any utility, the Court

2

should at least stand by prior decisions unless offered some good reason to change, which has not happened here.

As of the present time, there are no discovery requests pending from Plaintiff, so far as the Court is aware, for material in possession of Jewelers Mutual which might be privileged or protected work product, but the Federal Rules provide mechanisms for adjudicating those claims when they actually arise.  In addition, if Jewelers Mutual believes the declaratory judgment and contract claims present pure questions of law, they can seek early resolution of those claims by motion for judgment on the pleadings or a pre-discovery motion for summary judgment.

The Motion to Bifurcate under Fed. R. Civ. P. 42 is denied without prejudice to its renewal as set forth above.  The Motion to Stay discovery on the bad faith and punitive damages claims is denied.

s/ *Michael R. Merz*
United States Magistrate Judge