# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN STAFFORD, et al.,

      Plaintiffs,     :     Case No. 3:12-cv-050

                             District Judge Thomas M. Rose
  -vs-                           Magistrate Judge Michael R. Merz

                          :

JEWELERS MUTUAL INSURANCE
 COMPANY,

      Defendant.     :

## DECISION AND ORDER GRANTING IN PART
## DEFENDANT'S MOTION TO COMPEL

This case is before the Court on Defendant's Motion to Compel (Doc. No. 22) which Plaintiffs oppose (Doc. No. 30). Defendant has filed a Reply in support (Doc. No. 32).

Defendant, having sought production of the following information by ordinary discovery process, now seeks to compel production of:

> [Issue 1] The terms of the settlement agreement reached in the previous litigation and copies of all related documents (Interrogatory 9 and Request for Production 12, 13);

> [Issue 2] Identification of specific damages claimed and any and all documentation related to damages and specifically to attorney fees expended in defense of the counterclaim in the previous litigation (Interrogatories 10 and 11, Requests for Production 3, 4, 5, 6);

> [Issue 3] Copies of the actual legal bills received by plaintiffs during the previous litigation (Request for Production 7);

> [Issue 4] Identification of the source of funds used to pay the attorney fees and litigation expenses in the previous litigation, including but not limited to the counterclaim, by financial institution and account number and documentation related thereto (Interrogatory 12 and Request for Production 8, 9, 10);
>
> [Issue 5] Identification of the specific terms or provisions in the Jewelers Mutual Policy under which plaintiffs contend they are entitled to coverage for the defense of the counterclaim (Interrogatory 16).

(Motion, Doc. No. 22, PageID 472-473.)

Plaintiffs responded that the request for production of the settlement agreement from the prior litigation (Issue 1) (*U.S. Diamond & Gold v. Julius Klein Diamonds, LLC,* Case No. 3:06-cv-371, in this Court; the "Prior Litiation") was moot (Memo in Opp., Doc. No. 30, PageID 995). While it may not have been completely resolved as of the time that Memorandum was filed, counsel later advised the Court that it had been resolved.

With respect to specific damages claimed, documentation of those damages, and particularly with respect to attorney fees expended in defending the counterclaim in the Prior Litigation (Issues 2 and 3), Plaintiffs produced a six-page document purportedly prepared September 13, 2012, by Sebaly, Shillito & Dyer (PageID 1002-1007) which shows invoices from SS&D to Plaintiffs and receipts by SS&D from Plaintiffs related to what SS&D classified as "Insurance Matter – Matter 1." This is all that Plaintiffs claim they have produced (Memo in Opp., Doc. No. 30, PageID 996.)

As Defendant points out in reply, no copies of SS&D invoices were produced (Reply Memo, Doc. No. 32, PageID 1016). Plaintiffs claim in their Memo in Opp. that "they are in the process" of producing these invoices and there is therefore no need to compel (Doc. No. 30, PageID 996). The Court disagrees. Plaintiffs are ordered to produce all invoices received from SS&D

related to the Prior Litigation not later than October 25, 2012.

Since the relevant amounts are the fees expended on counterclaim defense in the Prior Litigation, Plaintiffs will provide a statement under oath itemizing that portion of the SS&D invoices which represents fees billed for the counterclaim defense and any documents which support that itemization not later than October 25, 2012.

With respect to the source of funds used to pay attorney fees and litigation expenses in the Prior Litigation (Issue 4), Plaintiffs' first claim this request is moot because they have answered interrogatories stating that the money came from Stafford's savings account (Memo in Opp., Doc. No. 30, PageID 996). Plaintiffs object to producing the actual savings account number and account statements on the grounds that they are "private and confidential," "[t]here is no possible relevance," and the "request for such records was made solely for the purpose of annoyance, embarrassment and harassment, . . ." *Id.* at PageID 997-998. The Court disagrees. The documentation in question is clearly relevant to compare dates of withdrawals from the savings account with dates of payment to SS&D shown on the SS&D Bill and Payment Report and to cross-examine Mr. Stafford on his interrogatory answers. The savings account statements are ordered produced not later than October 25, 2012.

With respect to those portions of the Defendant's policy under which Plaintiffs are claiming coverage (Issue 5), Defendants are satisfied with the position taken by Plaintiffs' in their Memorandum in Response to Defendant's Motion for Judgment on the Pleadings (Doc. No. 20),

3

provided the Court will "hold them to that assertion at this point." (Reply Memo., Doc. No. 32, PageID 1018.) It is so ordered.

October 12, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

4