IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN STAFFORD, *et al.*,  :

          Plaintiff,            Case No. 3:12-cv-050

   -vs-            District Judge Thomas M. Rose
          Magistrate Judge Michael R. Merz

JEWELERS MUTUAL
INSURANCE COMPANY,

          Defendant.  :

## DECISION AND ENTRY

This case is before the Court on Plaintiffs U.S. Diamond & Gold dba Stafford's and John Stafford's Motion to Compel brought pursuant to Fed.R.Civ.P. 26 and 37, (Doc. 41), and Plaintiffs U.S. Diamond & Gold dba Stafford's and John Stafford's Motion to Modify Scheduling Order to Extend Plaintiffs' Expert Disclosure Deadline. (Doc. 42).

1. **Background**

Plaintiffs U.S. Diamond & Gold dba Stafford's and John Stafford (collectively "Stafford") brought this action against Defendant Jewelers Mutual Insurance Company ("Jewelers Mutual") claiming that in *U.S. Diamond & Gold, etc., et al. v. Julius Klein Diamonds LLC, et al.,* Case No. 3:06-cv-371 (S.D. Ohio, filed Nov. 27, 2006), ("the Underlying Litigation"), Jewelers Mutual failed to honor its duty to defend and its duty to indemnify Stafford, its insured pursuant to a policy of insurance. Doc. 40. In the present matter, Stafford has brought claims for declaratory judgment, breach of contract, bad faith, and punitive damages. *Id.,* PageID 1152-53.

1

By way of brief review, in the Underlying Litigation, Stafford claimed that using the services of Brinks Global Services, U.S.A., it had shipped to Julius Klein Diamonds LLC ("JKD") a package containing a 5.56 carat fancy intense pink diamond. Underlying Litigation, Doc. 3. Stafford claimed further that when the package arrived at the JKD facility, JKD personnel alleged the package did not contain the pink diamond. *Id.*, PageID 198. Based on that event, Stafford brought several different claims against JKD and Jewelers Mutual. PageID 208-10. Eventually, JKD brought a counterclaim against Stafford. Doc. 26, PageID 680-81. It is the counterclaim that is the genesis of the present matter. Stafford's position is that with respect to the counterclaim, Jewelers Mutual failed to honor its duties to defend and indemnify Stafford.

2. **Plaintiff's Motion to Compel**

Stafford has moved the Court to compel Jewelers Mutual to produce its claims file. (Doc. 41). The parties have fully briefed the issues, *Id.,* 48, 52, and the matter is ripe for decision on the merits.

The present discovery dispute revolves around Jewelers Mutual's refusal to produce the claims file related to this matter. Stafford's position is that it is entitled to discovery of the file because it is relevant to its bad faith claim against Jewelers Mutual.

Jewelers Mutual's position is that Stafford is not entitled to the information which Stafford seeks because it is both privileged, either by attorney-client privilege or work product privilege or both, and irrelevant. Jewelers Mutual raises several arguments in support of its position: (1) Stafford's argument that it is entitled to the entirety of Jewelers Mutual's claims file and that the claims file includes documents that pre-date Jewelers Mutual's receipt of the counterclaim is based on the faulty premise that there was a single claims file for both the first-party property loss claim

2

for the pink diamond and the subsequent third-party counterclaim defense and indemnity claim because there was not a single file but two claims files; (2) any claims for bad faith related to the handling, processing, or investigation of the pink diamond loss are barred by the applicable statute of limitations; (3) any claims for bad faith related to the handling or processing of Stafford's request for coverage of the fraud counterclaim in the Underlying Litigation are barred by the applicable statute of limitations; (4) any bad faith claims related to or arising out of the handling of the pink diamond loss are also barred by *res judicata*/claim preclusion, making the claim file related thereto irrelevant; (5) the claims file materials related to the request for defense and indemnity of the counterclaim, other than what Jewelers Mutual has already produced, are privileged, irrelevant to the claims asserted, and protected from production under Ohio law; and (6) Stafford's claims for denial of defense coverage to other insureds is irrelevant and not discoverable in this matter. Doc. 48.

There is no dispute that this Court's jurisdiction over this matter is based on the diversity of the parties. See 28 U.S.C. § 1332. Settled law firmly establishes that a federal court sitting in diversity applies federal procedural law and state substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Tooling, Mfg. and Technologies Ass'n v. Hartford Fire Ins. Co.,* 693 F.3d 665, 680 (6th Cir. 2012).

Federal Rule of Civil Procedure 26(b)(1) provides in part:

> ...
>
> **(b) Discovery Scope and Limits.**
>
> > **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense … . Relevant information

> need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. …

Fed.R.Civ.P. 26(b)(1). "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ABC Bus. Serv., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)(citation omitted). "The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (citations omitted). The scope of discovery is within the broad discretion of the trial court. *Bush v. Dictaphone Corp.,* 161 F.3d 363, 367 (6th Cir. 1998), citing *Lewis,* 135 F.3d at 402. In considering the scope of discovery, the Court may balance a party's right to discovery with the need to prevent fishing expeditions. *Bush,* 161 F.3d at 367.

In *Boone v. Vanliner Insurance Co.,* 91 Ohio St.3d 209 (2001), the Ohio Supreme Court allowed an insured to discover claims file materials containing attorney-client communication, where the action alleged bad faith denial of coverage and the documents involved coverage and were created prior to the denial of coverage. The *Boone* Court summarized its holding as follows:

> [W]e hold that in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, *i.e.,* things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists.

*Boone,* 91 Ohio St.3d at 213-14. The critical issue is whether the documents "may cast light' on whether the insurer acted in bad faith." *In re: Professionals Direct Ins. Co.,* 578 F.3d 432, 442 (6th Cir. 2009), quoting *Garg v. State Auto Mut. Ins. Co.,* 155 Ohio App.3d 258, 265-66 (2nd Dist. 2003). "[U]nder *Boone*, neither attorney-client privilege nor the work-product doctrine protects materials in a claims file, created prior to the denial of the claim, that may cast light on whether the

4

insurer acted in bad faith in handling an insured's claim." *Garg, supra*.

Jewelers Mutual has made the argument that Stafford's position as to discovery of the claims file is based on the faulty premise that there was a single claims file for both the first-party property loss claim for the pink diamond and the subsequent third-party counterclaim defense and indemnity claim. Jewelers Mutual argues that it should not be required to produce the pink diamond claims file because it is privileged in its entirety and irrelevant to Stafford's claims. This Court is not persuaded by Jewelers Mutual's argument. Stafford has made claims that during Jewelers Mutual's investigation of the loss of the pink diamond its adjustors, agents, and other employees developed bias and ill-will towards Stafford and that the bias and ill-will existed at the time JKD filed its counterclaim against Stafford which, in turn, clouded their judgment when they were evaluating Stafford's claim for defense and indemnification related to the JKD counterclaim. With those claims in mind, the Court concludes that the pink diamond claims file conceivably contains information that goes to Stafford's bad faith claim against Jewelers Mutual. For example, if Jewelers Mutual adjusters expressed doubts as to Stafford's veracity with respect to the pink diamond disappearance, their attitudes may have carried over into the evaluation of Stafford's request for a defense and indemnification as to the JKD counterclaim. Of course, assuming that some of the pink diamond claims file contains documents that come within the categories of attorney-client communications or work product, they are not worthy of protection pursuant to *Boone, supra.* Of course, Jewelers Mutual's claims file as to the counterclaim-related request for defense and indemnity is relevant to Stafford's bad faith claim and, generally, discoverable pursuant to *Boone*.

As noted above, Jewelers Mutual essentially argues that the Court should not compel it to

produce its claims files because, for several different reasons, Stafford's claims are meritless. This Court, however, is not persuaded by Jewelers Mutual's arguments.

A court does not consider the underlying merits of a plaintiff's claims in evaluating a motion to compel. *Guthrey v. California Department of Corrections and Rehabilitation,* No. 1:10-cv-02177-AWI-BAM, 2012 WL 2499938 at *2 (E.D.Cal. June 27, 2012)(citation omitted). Arguments that Stafford's claims have no merit or that Jewelers Mutual has a viable affirmative defense are "not the kind of argument[s] that the Court can adequately entertain in a discovery dispute." *Drexel Heritage Furnishings, Inc., v. Furniture, USA, Inc.,* 200 F.R.D. 255, 257 (M.D.N.C. 2001). Rather, those arguments are more properly brought by way of a dispositive motion or at trial. *Batesville Casket Co., Inc. v. United Steel Workers of America, Local Union No. 9137*, No. 4:07-cv-12, 2008 WL 2115610 at *3, n.1 (E.D.Tenn. May 19, 2008).

In addition to Jewelers Mutual's claims file with respect to the pink diamond matter and the counterclaim matter, Stafford seeks an order requiring Jewelers Mutual to produce documents concerning bad faith claims by other policy holders. Jewelers Mutual's position is that it should not be required to produce those documents because Stafford's claims are barred by the statute of limitations. However, as noted above, arguments that Stafford's claims have no merit or that Jewelers Mutual has a viable affirmative defense are not the kind of arguments that the Court can adequately entertain in a discovery dispute. Accordingly, the Court is not persuaded by Jewelers Mutual's argument.

Jewelers Mutual has also declined to produce documents related to bad faith claims by other policy holders on the basis that Stafford could find that information on its own. However, the rules of discovery "do not permit parties to withhold material simply because the opponent could

discover it on his or her own." *Abrahamsen v. Trans-State Exp., Ind.,* 92 F.3d 425, 428 (6th Cir. 1996).

Plaintiffs U.S. Diamond & Gold dba Stafford's and John Stafford's Motion to Compel, (Doc 41), is well taken and is hereby granted. Defendant Jewelers Mutual Insurance Company shall respond to Plaintiffs' discovery requests not later than January 4, 2013.

**3. <u>Motion to Modify Scheduling Order</u>**

Stafford has also moved the Court to amend its scheduling order. (Doc. 42). Jewelers Mutual has not opposed the motion and the time within which to do so has passed. S.D.OhioCiv.R. 7.2(a)(2).

Essentially, Stafford seeks an extension of time within which to disclose its expert witnesses. The bases of Stafford's Motion is that it has been unable to obtain from Jewelers Mutual the discovery which is at issue in its Motion to Compel and that until it receives that discovery, it is not in a position to obtain and identify its experts. Stafford seeks an extension of thirty (30) days from the date it receives the requested discovery within which to disclose its expert witnesses.

Plaintiffs U.S. Diamond & Gold dba Stafford's and John Stafford's Motion to Modify Scheduling Order to Extend Plaintiffs' Expert Disclosure Deadline, (Doc. 42), is granted. Accordingly, the time within which Plaintiffs are to disclose their expert witnesses is extended to February 4, 2013.

December 17, 2012                                                    s/ *Michael R. Merz*
                                                                  United States Magistrate Judge